

COPY

1  Jeffrey N. Williams (SBN 274008)
2  jwilliams@wargofrench.com
   WARGO & FRENCH LLP
3  1888 Century Park East, Suite 1520
4  Los Angeles, CA 90067
   Telephone: 310-853-6300
5  Facsimile: 310-853-6333

6  WARGO & FRENCH LLP
7  J. Scott Carr (SBN 136706)
8  scarr@wargofrench.com
   999 Peachtree St. NE, 26th Floor
9  Atlanta, GA 30309
   Telephone: (404) 853-1500
10 Facsimile: (404) 853-1501

11

12 Attorneys for Defendants

13

14 **UNITED STATES DISTRICT COURT**
15 **CENTRAL DISTRICT OF CALIFORNIA**

16 STEACY TRINIDAD SANTOS, an        CASE No. **CV13-04799**-MMM
   individual and on behalf of all others                (CW)
17 similarly-situated,                (Los Angeles County Superior Court
                                      Case No. BC509590)
18              Plaintiff,
                                      **NOTICE OF REMOVAL**
19         v.
                                      Class Action Fairness Act
20 TWC ADMINISTRATION LLC, a
   Delaware limited liability company;  Complaint: May 21, 2013
21 TIME WARNER CABLE, INC., a
   Delaware Corporation; TIME
22 WARNER CABLE SERVICES, LLC, a
   limited liability company and DOES 1
23 to 50, inclusive,

24              Defendants.

25

26

27

28
                                                          Case No.
                                      NOTICE OF REMOVAL TO FEDERAL COURT

TO THE CLERK OF THE ABOVE ENTITLED COURT AND PLAINTIFF STEACY TRINIDAD SANTOS AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Defendants hereby remove the below referenced action from Los Angeles County Superior Court in the State of California to the United States District Court for the Central District of California. Removal is based on 28 U.S.C. §§ 1332(d) (the "Class Action Fairness Act"), 1441(b) and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1.       This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"), which was enacted on February 18, 2005. *See 28* U.S.C. § 1332(d).  In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions pursuant to 28 U.S.C. § 1446.  As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## PLEADINGS, PROCESS, AND ORDERS

2.       On or about May 21, 2013, Plaintiff STEACY TRINIDAD SANTOS ("Plaintiff") filed a Class Action Complaint in the Los Angeles County Superior Court in the State of California:  *Steacy Trinidad Santos, an individual, on behalf of herself and all other similarly situated v. TWC Administration LLC, et al.,* Case No. BC509590.

3.       According to Plaintiff, she worked as a Cable Store Representative, Cable Store Agent and Customer Service Agent in the State of California from March 2010 to May 2013.  (Complaint "Compl." ¶¶ 8-9.)  Plaintiff's Complaint purports to assert several claims as follows:

4.      In her Complaint, Plaintiff seeks, among other things, recovery for the following: (1) alleged failure to pay daily and weekly overtime at one and one-half times the class members' regular rate of pay inclusive of all hourly wages, commissions and bonuses in violation of California Labor Code §§ 204, 515 and 1194; (2) alleged failure to pay all compensation due and owing at termination of employment in violation of California Labor Code §§ 201-03; (3) alleged failure to provide class members with accurate itemized wage statements in violation of California Labor Code § 226; and (4) alleged violations of the California Business & Professions Code §§ 17200 et seq.

5.      Plaintiff purports to maintain a class action pursuant to Cal. Code of Civ. P. § 382.  Specifically, Plaintiff seeks to represent, among others:  (1) with respect to her regular rate claim, all current and former employees within the State of California within three (3) years prior to the filing of this lawsuit who received commissions and/or bonuses and  did not receive one and one-half times his or her regular rate of pay inclusive of all hourly wages, commissions, and bonuses for hours regularly worked in excess of eight hours per work day and/or for those hours regularly worked in excess of forty (40) hours per work week; (2) with respect to the wage statement claim, all current and former employees within the State of California within one (1) year prior to the filing of this lawsuit who did not receive and were injured by Defendants' alleged failure to provide an itemized wage statement; (3) with respect to the waiting time claim, all former employees within the State of California within three (3) years prior to the filing of this lawsuit who did not receive all wages earned at the time of termination of employment; and (4) with respect to the California Business & Professions Code claim, all current and former employees in the State of California within the four (4) years prior to the filing of the lawsuit who fall within one of the categories set forth in subparts (1)-(3) above.  (Compl. ¶¶ 16, 22-23, 28, 33, 39.)

6.     On June 6, 2013, Plaintiff first caused copies of the Complaint to be served on TWC Administration LLC ('TWCA").  True and correct copies of the Summons and Complaint are attached hereto as Exhibits "A" and "B" respectively.

7.     No further proceedings related thereto have been heard in Los Angeles County Superior Court.

## JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT

8.     Section 4 of the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d)(2),[1] as amended, provides in pertinent part as follows:

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which
> ...
> (A) any member of a class of plaintiffs is a citizen of a State different from any defendant.

9.     This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1332(d), and one that may be removed to this Court by Defendants pursuant to 28 U.S.C. §§ 1441(b) and 1446.

## PURPORTED CLASS ACTION UNDER STATE LAW

10.     This action has been styled as a class action.  (Complaint, page 1.)

## CITIZENSHIP

11.     Plaintiff admits she is a resident of the State of California and alleges that she was employed by Defendants in the State of California at all times relevant hereto.  (Complaint ¶¶ 2, 8.)  Plaintiff is therefore a citizen of the State of California. *See* 28 U.S.C. § 1332(a)(1) (individual is citizen of state in which he or she is domiciled).

---

[1]  While there are a number of exceptions to this new rule of original jurisdiction contained in amended 28 U.S.C. § 1332(d)(3)-(5), none of these exceptions are applicable to the instant action.

12.     Plaintiff seeks to represent current and former employees in the State of California within the four (4) years prior to the filing of the Complaint.  (Compl. ¶¶ 16, 22-23, 28, 33, 39.)

13.     TWC Administration LLC ("TWCA"), is currently, and has been since the Complaint was filed on May 21, 2013, a Delaware limited liability company with its principal place of business in New York.  (Declaration of William C. Wesselman ("Wesselman Decl.") (attached hereto as Exhibit "C"), ¶ 2.)  TWCA's sole member is and at all relevant times hereto has been Time Warner Cable Enterprises LLC, a Delaware limited liability company with a principal place of business in New York.  The members of Time Warner Cable Enterprises LLC are Time Warner Cable Inc., a Delaware Corporation with a principal place of business in New York and Time Warner NY Cable LLC, a Delaware limited liability company with a principal place of business in New York.  Accordingly, TWCA was at the time of the filing of this action and remains a citizen of the States of Delaware and New York.  *See* 28 U.S.C. §§ 1332(a)(1), (c), 1441(b); *Metalmark Northwest LLC v. Stewart*, 266 Fed. Appx. 613, 614 (9th Cir. 2008).

14.     Time Warner Cable Inc., is currently, and has been since the Complaint was filed on May 21, 2013, a Delaware corporation with its principal place of business in New York.  (Wesselman Decl., ¶ 3.)

15.     Time Warner Cable Services, LLC is currently and has been since the Complaint was filed on May 21, 2013, a Delaware limited liability company with its principal place of business in New York.  Time Warner Cable Services LLC's sole member is and at all relevant times hereto has been TWCA.  As noted above, TWCA's sole member is and at all relevant time hereto has been Time Warner Cable Enterprises LLC, a Delaware limited liability company with a principal place of business in New York.  (Wesselman Decl., ¶ 4.)

16.     On June 4, 2013, Plaintiff filed an Amendment to Complaint (Fictitious/Incorrect Name) identifying Defendant Doe 1 as Time Warner NY Cable

1  LLC.  A true and correct copy of the Amendment to Complaint is attached hereto as

2  Exhibit "D."

3        17.    Time Warner NY Cable LLC is currently and has been since the

4  Complaint was filed on May 21, 2013, a Delaware limited liability company with a

5  principal place of business in New York.  (Wesselman Decl., ¶ 5.)  TNY's members

6  are and at all times relevant hereto have been as follows:  Time Warner NY Cable

7  Holding Inc. (100% Common Equity Member), which is a Delaware corporation

8  with its principal place of business in New York; Citibank, N.A. (Series A

9  Member), which is a national banking association with its principal place of

10  business in New York; Kendall Family Investments, LLC (Series A Member),

11  which is a Delaware limited liability company with a principal place of business in

12  New York whose members are a New York resident and a Delaware corporation

13  with a principal place of business in New York; LB I Group Inc. (Series A

14  Member), which is a Delaware corporation with its principal place of business in

15  New York; and Hare & Co. (Series A Member), which is the nominee name for

16  Bank of New York Mellon Corporation, which is a Delaware corporation with its

17  principal place of business in New York.  (*Id.*)

18        18.    As demonstrated herein, TWC Administration LLC, Time Warner

19  Cable Inc., Time Warner Cable Services, LLC and Time Warner NY Cable LLC

20  were citizens of Delaware and New York at the time the Complaint was filed and

21  remain so.  *See* 28 U.S.C. §§ 1332(a)(1), (d)(10), 1441(b).[2]

22        19.    Defendants Does 2 through 50, inclusive, are fictitious.  Where a

23  complaint does not set forth the identity or status of any fictitious defendant, nor

24  does it set forth any charging allegation against any fictitious defendant.  Pursuant

25

26    [2]  Indeed, there would still be diversity in an action where citizenship was not
determined by the rules set forth by CAFA as TWC Administration LLC, Time

27  Warner Cable Inc., Time Warner Cable Services, LLC and Time Warner NY Cable
LLC would be, at most, citizens of the States of New York and Delaware.  *See*

28  *Metalmark Northwest*, 266 Fed. Appx. at 614 (holding LLC is citizen of every state in
which its owners/members are citizens).

1   to Section 1441, the citizenship of defendants sued under fictitious names must be

2   disregarded for the purpose of determining diversity jurisdiction and cannot destroy

3   the diversity of citizenship between the parties in this action. 28 U.S.C. § 1441(a); *see*

4   *also Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

5         20.   Accordingly, Plaintiff is citizen of a state different from Defendant.

6         21.   Defendants Time Warner Cable Inc., Time Warner Cable Services,

7   LLC and Time Warner NY Cable LLC have not been served with a Summons or

8   copy of the Complaint in this matter but join with TWCA in this Notice of Removal

9   solely for the limited purpose of effecting removal and subject to and without

10  waiving their rights to proper service and service of process or any other affirmative

11  defenses they may have in this matter.

12  **AMOUNT IN CONTROVERSY**

13        22.   Plaintiff's Complaint is silent as to the total amount in controversy.

14  The failure of the Complaint to specify the total amount of damages or other

15  monetary relief sought by Plaintiff, however, does not deprive this Court of

16  jurisdiction. *See Saulic v. Symantec Corp.*, No. SA CV 07-610 AHS (PLAx),

17  2007 WL 5074883, *5 (C.D. Cal. Dec. 26, 2007); *White v. J. C. Penney Life Ins.*

18  *Co.,* 861 F. Supp. 25, 26 (S.D. W.Va. 1994) (defendant may remove suit to federal

19  court notwithstanding failure of plaintiff to plead specific dollar amount in

20  controversy; if rules were otherwise, "any Plaintiff could avoid removal simply by

21  declining . . . to place a specific dollar claim upon its claim."). Defendants needs

22  only to establish by *a preponderance of evidence* that the claims exceed the

23  jurisdictional minimum. *Singer v. State Farm Mutual Auto. Ins. Co.,* 116 F.3d 373,

24  376 (9th Cir. 1997); *Saulic,* 2007 WL 5074883, *5, 7.

25        23.   Notwithstanding Plaintiff's failure to allege the total amount of

26  monetary relief claimed, the Class Action Fairness Act authorizes the removal of

27  class actions in which the aggregate amount in controversy for all potential class

28  members exceeds five million dollars ($5,000,000). *See 28* U.S.C. § 1332(d); *Muniz*

Case No.
NOTICE OF REMOVAL TO FEDERAL COURT

1  *v. Pilot Travel Centers LLC*, No. CIV 5-07-0325 FCD EFB, 2007 WL 1302504, *1

2  (E.D. Cal. May 1, 2007) (finding removal of action substantially similar to instant

3  lawsuit proper under CAFA).  While Defendants deny Plaintiff's claims of

4  wrongdoing and deny her requests for relief thereon, the allegations in Plaintiff's

5  Complaint and the total amount of wages, penalties, attorneys' fees, injunctive

6  relief and other monetary relief at issue in this action exceeds this Court's

7  jurisdictional minimum. *See Saulic*, 2007 WL 5074883, *7-9 (considering facts

8  presented in notice of removal, including defendant's declarations, along with

9  plaintiff's allegations in finding jurisdictional limits satisfied under CAFA); *Luckett*

10  *v. Delta Airlines, Inc.,* 171 F.3d 295, 298 (5th Cir. 1999) (same).  Specifically, the

11  amount in controversy here exceeds $5,000,000.00, exclusive of interest and costs,

12  calculated as follows:

13      (a)    Plaintiff asserts claims for herself and the putative class for, among

14          others,  following: (1) failure to pay daily and weekly overtime at one

15          and one-half times the class members' regular rate of pay inclusive of

16          all hourly wages, commissions and bonuses in violation of California

17          Labor Code §§ 204, 515 and 1194; (2) failure to pay all compensation

18          due and owing at termination of employment in violation of

19          California Labor Code §§ 201-03; (3) failure to provide class

20          members with accurate itemized wage statement in violation of

21          California Labor Code § 226; and (4) violations of the California

22          Business & Professions Code §§  17200 et seq.

23      (b)    The relevant time period covering Plaintiff's regular rate claim is the

24          four-year period immediately preceding the filing of the state court

25          action on May 21, 2013.  Cal. Bus. & Prof. Code § 17208.

26          Accordingly, the purported class period for that claim runs from

27          approximately May 22, 2009, to the present.  The relevant time period

28          covering Plaintiff's waiting time claim is the three-year period

Case No.

NOTICE OF REMOVAL TO FEDERAL COURT

immediately preceding the filing of the state court action on May 21,
2013.  *See Murphy v. Kenneth Cole Prods., Inc.*, 40 Cal.4th 1094, 1102
(2007).  Accordingly, the purported class period for that claim runs
from approximately May 22, 2010 to the present.  The relevant time
period covering Plaintiff's wage statement claim is the one-year period
immediately preceding the filing of the state court action on May 21,
2013.  *Thomas v. Home Depot USA Inc.*, 527 F. Supp. 2d 1003, 1007
(N.D. Cal. 2007); *Moreno v. Autozone,* No. C05-04432, 2007 WL
1650942 at *2-4 (N.D. Cal. June 5, 2007).  Accordingly, the purported
class period for that claim runs from approximately May 22, 2012 to the
present.

(c)   Plaintiff seeks to recover penalties under California Labor Code §§ 226
*et seq.* relating to providing inaccurate itemized wage statements.
(Compl., ¶¶ 26-30.)  Defendants deny this claim and have raised
various defenses thereto.  However, if members of the putative class
were to prevail on this claim and are owed penalties under Section 226,
the amount in controversy for this claim only for individuals who
held the same job positions as Plaintiff is $2,714,050.  Declaration
of J. Scott Carr ("Carr Decl.") (attached hereto as Exhibit "E") ¶¶ 9-12;
Declaration of Frank Smith ("Smith Decl.") (attached hereto as Exhibit
"F") ¶¶ 2-10. )  The calculations establishing the amount in controversy
on this claim are set forth in the Declaration of J. Scott Carr filed
contemporaneously herewith.

(d)   Plaintiff alleges entitlement to waiting time penalties under California
Labor Code § 203 for members of the putative terminated class.
(Compl., ¶¶ 31-34.)  Labor Code § 203 provides that wages continue at
an employee's daily rate of pay until the final wages are paid, or an
action to recover them is commenced, up to a maximum of 30 days.

Defendants deny this claim and have raised various defenses thereto. However, if members of the putative class were to prevail on this claim and are owed wages under Section 203, the amount in controversy for this claim only for those individuals who held the same job positions as Plaintiff is at least $2,529,245.01. (Carr Decl. ¶¶ 6-8; Smith Decl. ¶¶ 2-10.)   The calculations establishing the amount in controversy on this claim are set forth in the Declaration of J. Scott Carr filed contemporaneously herewith.

(e)   Based only on the amounts in controversy for the inaccurate wage statement claim [$2,714,050] and the waiting time claim [$2,529,245.01] only is at least $5,243,295.01, which is well over the jurisdictional amount required for removal. (Carr Decl., ¶ 13.) Moreover, although Plaintiff seeks to represent *all employees* within the State of California who received commissions and/or bonuses and either did not receive itemized wage statements in compliance with California law and/or did not receive all wages earned at the time of termination (*see* Compl. ¶ 16) the $5,297,018.42 the amount in controversy calculation includes *only those employees who held the same job positions as Plaintiff.*

(f)   Plaintiff also seeks to recover: 1) alleged overtime wages Defendants failed to include in the regular rate of pay for Plaintiff and putative class members who regular worked over eight (8) hours per day and forty (40) hours per week, including "all hourly wage, commission, and bonuses;" and 2) damages under the California Business & Profession Code section 17200, et seq., including but not limited to, restitution and/or disgorgement of the amounts Defendants unlawfully failed to pay pursuant to the California Labor Code. (Compl. ¶¶ 24-25, 37, 42.) The

9

Case No.
NOTICE OF REMOVAL TO FEDERAL COURT

$5,243,295.01 amount in controversy does <u>not</u> include damages for either of these claims.

(g)  Plaintiffs also seek reasonable attorneys' fees in the Complaint.  It is well settled that, in determining whether a complaint meets the amount in controversy requirement, the Court should consider the aggregate value of claims for damages *as well as* attorneys' fees.  *See, e.g., Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts).  In California, where wage and hour class actions have settled prior to trial for millions of dollars, it is not uncommon for an attorneys' fee award to be twenty-five to thirty percent of the settlement and, thus, potentially in excess of $1,310,823.75 based on the amount in controversy here ($5,243,295.01  x 25%).[3]

(j)  Based on the foregoing, under the Class Action Fairness Act, Plaintiff's claims for damages, penalties, attorneys' fees and other monetary relief far exceed the $5 million jurisdictional limit of this Court, as required by 28 U.S.C. § 1332(d).

24.  By a preponderance of the evidence, the amount in controversy based on the substantial allegations of Plaintiff's Complaint is greater than the jurisdictional amount of $5 million required by CAFA.

25.  As a result, although Defendants deny Plaintiff's claims of wrongdoing and deny her requests for relief thereon, based upon the substantial allegations in Plaintiff's Complaint and assuming *arguendo* Plaintiff were able to prove these allegations, the total amount of monetary relief sought by Plaintiff and the proposed

---

[3]  *See Abasi v. HCA, the Healthcare Co. Inc.*, C.D. Cal. No. CV 03-7606 (May 9, 2005) (approving $4.75 million settlement for claims of unpaid overtime, meal and rest break periods; attorney's fee award totaling over $1.2 million).

Case No.

putative other class members is in excess of $5 million, exclusive of interest and costs. Therefore, removal of this action is appropriate.

## TIMELINESS OF REMOVAL

26.     This Notice of Removal is timely in that it has been filed within thirty (30) days of Defendants' first notice of the Complaint on June 6, 2013.

27.     The Class Action Fairness Act applies to actions that were "commenced" on or after February 18, 2005. Because this action was filed on May 21, 2013, it was "commenced" after February 18, 2005, as required by CAFA. Therefore, removal is proper under CAFA.

## NOTICE TO PLAINTIFF

28.     Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served on Plaintiff's counsel of record at the Law Office of Donald Potter. In addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for Los Angeles County Superior Court.

29.     WHEREFORE, having provided notice as required by law, the above-entitled action should be removed from the Los Angeles County Superior Court.

DATED: July 2, 2013                              WARGO & FRENCH LLP


By: _____
                                                 Jeffrey N. Williams
                                                 J. Scott Carr

                                                 Attorneys for Defendants

# EXHIBIT A

6/6 2:20

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA

MAY 21 2013

John A. Clarke, Executive Officer/Clerk
BY *Cristina Grijalva*, Deputy

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

<u>TWC ADMINISTRATION LLC, a</u> Delaware limited liability company
(Additional Parties Attachment Form is attached)

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

STEACY TRINIDAD SANTOS, an individual and on behalf of all
others similarly-situated

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):* **C 509590** |

Los Angeles Superior Court --- Stanley Mosk Courthouse
111 N. Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Donald Potter, 776 East Green Street, Suite 210, Pasadena, CA 91101; 626.744.1555

| DATE: May 21, 2013 | Clerk, by | , Deputy |
|---|---|---|
| *(Fecha)* | *John A. Clarke* (Secretario) | CRISTINA GRIJALVA *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

MAY 21 2013

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of *(specify):*
3. [X] on behalf of *(specify):* TWC ADMINISTRATION LLC, A DELAWARE LIMITED LIABILITY

under: [ ] CCP 416.10 (corporation) COMPANY  [ ] CCP 416.60 (minor)
[ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
[ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
[X] other *(specify):* A DELAWARE LIMITED LIABILITY

4. [ ] by personal delivery on *(date):* COMPANY

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Steacy Trinidad Santos v. TWC Administration LLC, et al. | |

## INSTRUCTIONS FOR USE

➔ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.

➔ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties *(Check only one box. Use a separate page for each type of party.)*:

☐ Plaintiff   ☑ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

TIME WARNER CABLE INC., a Delaware corporation; TIME WARNER CABLE SERVICES, LLC, a limited liability company and DOES 1 to 50, inclusive,

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

# EXHIBIT B

1  Donald Potter (SBN 192735)
2  LAW OFFICE OF DONALD POTTER
3  776 East Green Street, Suite 210
   Pasadena, California 91101
4  Telephone: 626.744.1555
   Facsimile: 626.389.0592
5  Email: dp@donpotterlaw.com

CONFORMED COPY
ORIGINAL FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES

MAY 21 2013

John A. Clarke, Executive Officer/Clerk

BY _____ Deputy
Cristina Grijalva

6

Attorneys for Plaintiff
7  STEACY TRINIDAD SANTOS, an individual and on behalf of all others similarly-situated.

8

SUPERIOR COURT OF CALIFORNIA

9

COUNTY OF LOS ANGELES

10

| | |
|---|---|
| 11  STEACY TRINIDAD SANTOS, an individual and on behalf of all others similarly-situated; | CASE NO.:  **BC509590** |
| 12 | |
| 13           Plaintiff, | **CLASS ACTION** |
| 14         v. | **COMPLAINT FOR DAMAGES** |
| 15 | 1. **Failure to Pay All Wages Due in Violation of Cal. Labor Code §§ 204, 515, 1194** |
| 16  TWC ADMINISTRATION LLC, a Delaware limited liability company; TIME WARNER | |
| 17  CABLE INC., a Delaware corporation; TIME WARNER CABLE SERVICES, LLC, a limited | 2. **Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226(a)-(g)** |
| 18  liability company and DOES 1 to 50, inclusive, | 3. **Waiting Time Penalties (Cal. Lab. Code §§ 201-203)** |
| 19         Defendants. | |
| 20 | 4. **Unfair Competition in Violation of Cal. Business & Professions Code 17200, et seq.** |
| 21 | |
| 22 | **[DEMAND FOR TRIAL BY JURY]** |

23

24

25  1.      COMES NOW, Plaintiff STEACY TRINIDAD SANTOS ("Plaintiff" or "TRINIDAD

26  SANTOS"), individually and on behalf of all others similarly-situated, and brings this action

27  against Defendants TWC ADMINISTRATION LLC, a Delaware limited liability company; TIME

28  WARNER CABLE INC., a Delaware corporation; TIME WARNER CABLE SERVICES, LLC, a

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-1-

COMPLAINT FOR DAMAGES

limited liability company and DOES 1 to 50 (referred to collectively as "Defendants"), and allege on information and belief (except those allegations relating to Plaintiff himself, which is asserted on personal knowledge), as follows:

## PARTIES TO THE ACTION

2.      Plaintiff is a resident of the County of Los Angeles, State of California.

3.      Defendant TWC ADMINISTRATION LLC is a limited liability company organized under the laws of the State of Delaware and its headquarters are located in the State of New York.

4.      Defendant TIME WARNER CABLE INC. is a corporation organized under the laws of the State of Delaware and it maintains its headquarters in the State of New York.

5.      Defendant TIME WARNER CABLE SERVICES LLC is a limited liability company of an unknown place of organization.

6.      The true names and capacities of Defendants DOES 1 to 50 are unknown to Plaintiff who will amend this complaint to allege such names and capacities as soon as they are ascertained. Each Defendant designated herein as DOE is in some manner legally responsible for the unlawful acts and damages alleged herein.

7.      At all relevant times Defendants, and each of them, employed Plaintiff in the County of Los Angeles, State of California.  Plaintiff is informed and believes, and based thereon alleges, that the Defendants were in a joint employment relationship with Plaintiff for all relevant purposes described in this Complaint.

## GENERAL ALLEGATIONS

8.      Plaintiff TRINIDAD SANTOS was employed by Defendants, by each of them and/or jointly, at one of their call centers and within their stores in the County of Los Angeles, State of California between in or about March 2010 and in or about May 2013.

9.      Plaintiff TRINIDAD SANTOS held various positions with Defendants between in or about March 2010 and in or about May 2013 including, but not limited to, Cable Store Representative, Cable Store Agent, and Customer Service Agent.

10.     Plaintiff TRINIDAD SANTOS received hourly wages, commissions, and bonuses at all relevant times during her employment with Defendants.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-2-

11.     Plaintiff TRINIDAD SANTOS' employment with Defendants terminated in or about May 2013.

12.     Plaintiff's employment with Defendants, at all times, was governed by: California Wage Order, Industrial Welfare Commission ("IWC") Wage Order No. 7-2001 ("WAGE ORDER 7"), including but not limited to Section 3; the Cal. Code of Regulations (CCR) 8 § 11070 and the California Labor Code §§ 201-203, 226, 226.7, 510, 1194 and 1198.

13.     During her employment with Defendants, Plaintiff worked for Defendants in excess of eight (8) hours per workday and in excess of forty (40) hours per workweek.  Defendants, however, failed to pay Plaintiff one and one-half (1 1/2) times his or her regular rate of pay inclusive of Plaintiff's hourly wages, commissions, and bonuses.  Defendants failed to do so pursuant to Defendants' company-wide practice and/or procedure for calculating overtime wages without including all hourly wages, commissions and/or bonuses.

14.     During her employment with Defendants, Defendants failed to provide Plaintiff with an itemized statement of wages in compliance with California Labor Code § 226 which caused Plaintiff to be injured in that he was unable to readily calculate his or her applicable overtime rate, determine whether he or she was properly paid; and properly identify the true entity that employed Plaintiff.

## CLASS ACTION ALLEGATIONS

15.     Plaintiff brings this action individually and on behalf of all persons similarly-situated. Such a representative action is necessary to prevent and remedy the deceptive, unlawful and unfair practices alleged herein.

16.     This action is brought and may be properly maintained as a class action pursuant to Code of Civil Procedure § 382. Plaintiff brings this action on behalf of himself and all persons who are or were employed by Defendants, by each of them or jointly, as employees within the State of California within four (4) years prior to the filing of this lawsuit that received commissions and/or bonuses and that fall within one or more of the following categories (referred to herein as "CLASS MEMBERS"):

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

COMPLAINT FOR DAMAGES

(a)     That didn't receive one and one-half (1 1/2) times his or her regular rate of pay inclusive of all hourly wages, commissions, and bonuses for the hours worked in excess of eight hours per work day, and for those worked in excess of forty (40) hours per work week, as required under California law including, but not limited to, WAGE ORDER 7, § 3 and California Labor Code §§ 1194, 1198 and pursuant to Defendants' company-wide practice and/or procedure for calculating overtime wages in a manner that failed to include all hourly wages, commissions, and bonuses earned by their employees;

(b)     That didn't receive, and were injured by, Defendants' failure to provide an itemized wage statement in full compliance with California Labor Code §226.

(c)     That didn't receive from Defendants all wages earned at the time of the termination of employment with Defendants as required by California law including, but not limited to, California Labor Code §§ 201-203.

17.     The CLASS MEMBERS are so numerous that joinder of all members is impracticable. While the exact number of CLASS MEMBERS is unknown to Plaintiff at this time and can only be ascertained through discovery, Plaintiff believes that there are at least one hundred (100) or more putative CLASS MEMBERS.

18.     There is a well-defined community of interest among the members of the proposed class. Plaintiff, like all other CLASS MEMBERS, was denied: unpaid meal periods and paid rest periods, proper wages and accurate itemized wage statements to which she was entitled to under applicable law.  The facts underlying the misconduct of Defendants, and each of them, are common to all CLASS MEMBERS and represent a common practice of wrongful conduct resulting in damages to all CLASS MEMBERS.

19.     There are numerous questions of law and fact common to Plaintiff and CLASS MEMBERS and those questions predominate over any questions that may affect individual members of the class.  The common questions of law and fact include, without limitation, the following:

(a)     Whether Defendants, and each of them and/or jointly, violated WAGE ORDER 7, § 3, and 8 CCR § 11070 and California Labor Code §§ 204, 1194, 1198 by failing to pay CLASS

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-4-

COMPLAINT FOR DAMAGES

MEMBERS, and each of them, one and one-half (1 1/2) times his or her regular rate of pay inclusive of each CLASS MEMBER's hourly wages, commissions, and bonuses and pursuant to Defendants' company-wide practice and/or procedure for calculating overtime wages that failed to include all hourly wages, commissions, and bonuses earned by its employees?

      (b)    Whether Defendants, and each of them and/or jointly, violated California Labor Code §§ 226.7, WAGE ORDER 7 and 8 CCR § 11070 by failing to provide CLASS MEMBERS with itemized wage statements in full compliance with California Labor Code §226?

      (c)    Whether Defendants, and each of them and/or jointly, violated California Labor Code §§ 201-203 by failing to pay CLASS MEMBERS all wages earned at the time of the termination of employment with Defendants?

20.     Plaintiff's claims are typical of the claims of the other CLASS MEMBERS. Plaintiff and CLASS MEMBERS have both sustained economic damage arising out of the common course of conduct as alleged herein.

21.     Plaintiff will fairly and adequately represent and protect the interests of the putative class. Plaintiff has retained counsel with substantial experience involving employment class actions. Plaintiff and her counsel are committed to vigorously prosecuting this action on behalf of the putative class and have the financial resources necessary to do so. Neither Plaintiff nor her counsel has any interest adverse to those of the putative class. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since individual joinder of all members of the class is impracticable. Further, as the damages suffered by each individual member of the class may be relatively small, the expense and burden of individual litigation would make it difficult or impossible for individual members of the class to redress the wrongs done to them. The cost to the court system of such individual adjudication would be substantial. Individualized litigation would also present the potential for inconsistent or contradictory judgments and would magnify the delay and expense to all parties and the court system in multiple trials of identical factual issues. By contrast, the conduct of this action as a class action presents fewer management difficulties, conserves the resources of the parties and the court system and protects the rights of each class member.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-5-

COMPLAINT FOR DAMAGES

## FIRST CAUSE OF ACTION

### Failure to Pay All Wages Due in Violation of Cal. Labor Code §§ 204, 515, 1194

#### *(By Plaintiff And The Putative Class Against All Defendants)*

22.    Plaintiff and CLASS MEMBERS hereby incorporate by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

23.    At all times relevant hereto, WAGE ORDER 7 and 8 CCR § 11070 were in full force and binding on Defendants.  The specified wage order and regulation provide that Plaintiff and CLASS MEMBERS, and each of them, shall not be employed more than eight (8) hours in any workday or more that forty (40) hours in any workweek unless each employee receives one and one-half (1 1/2) times his or her regular rate of pay, and shall not be employed more than twelve (12) hours in any workday or more than eight (8) hours on the seventh (7th) consecutive workday in any workweek unless each employee receives double his or her regular rate pay.

24.    Plaintiff and CLASS MEMBERS, and each of them, regularly worked over eight (8) hours per day and over forty (40) hours per week but Defendants willfully and intentionally refused, and continue to refuse, to pay Plaintiff and CLASS MEMBERS the legally required overtime compensation inclusive of all hourly wages, commissions, and bonuses.  Defendants failed to do so, and continue to do so, pursuant to Defendants' company-wide practice and/or procedure for calculating overtime wages in a manner that fails to include all hourly wages, commissions, and bonuses earned by their employees

25.    Defendants' conduct described herein violates Labor Code § 1198 and therefore, pursuant to Labor Code § 1194 (a), Plaintiffs and CLASS MEMBERS, and each of them, are entitled to recover all unpaid overtime compensation, plus interest thereon, attorneys' fees and costs of suit.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-6-

## SECOND CAUSE OF ACTION

### Failure to Provide Accurate Itemized Statements in Violation of Cal. Labor Code § 226

*(By Plaintiff And The Putative Class Against All Defendants)*

26.    Plaintiff and CLASS MEMBERS hereby incorporate by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

27.    Labor Code §226(a) sets forth reporting requirements for employers when they pay wages, as follows: "Every employer shall, semimonthly or at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately when wages are paid by personal check or cash, an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated, showing the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California."

28.    Defendants failed to comply with these requirements as they provided itemized statements to Plaintiff and CLASS MEMBERS that did not show one or more of the following items: (1) gross wages earned, (2) total hours worked by the employee, except for any employee

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

whose compensation is solely based on a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, except that by January 1, 2008, only the last four digits of his or her social security number or an employee identification number other than a social security number may be shown on the itemized statement, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

29.     Plaintiffs, and each of them, were injured by these failures because, among other things, the failure to accurately record the proper hourly rates, the total wages earned, and the legal entity that was the employer hindered Plaintiff and CLASS MEMBERS from determining the amounts of wages actually owed to them and which entity committed these violations.

30.     As a proximate result of Defendants' conduct as alleged herein, Plaintiff and CLASS MEMBERS, and each of them, request recovery of Labor Code §226(e) penalties according to proof, as well as interest, attorney's fees and costs pursuant to Labor Code §226(e), in a sum as provided by the Labor Code and/or other statutes.

**THIRD CAUSE OF ACTION**

**Failure to Pay Wages When Due in Violation of Cal. Labor Code §§ 201-203**

***(By All Plaintiffs And The Putative Class Against Defendants and DOES 1-20)***

31.     Plaintiff and CLASS MEMBERS hereby incorporates by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

32.     California Labor Code § 201 requires an employer who discharges an employee to pay compensation due and owing to said employee immediately upon discharge.  California Labor Code § 202 requires an employer to promptly pay compensation due and owing to an employee

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-8-

within no more than seventy-two (72) hours of that employee's termination of employment by resignation, and at the time of termination if an employee is involuntarily terminated.

33.     California Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation in a prompt and timely manner as required pursuant to California Labor Code § 201 and § 202 respectively, said employer is liable to said employee for a waiting time wage continuation as described herein.  The willful failure, of Defendants and each of them, to pay Plaintiffs and other CLASS MEMBERS whose employment with Defendants has terminated, all of the wages due and owing them constitutes violations of Labor Code §§ 201 and 203.  Accordingly, due to the failure of Defendants to compensate Plaintiffs and CLASS MEMBERS properly for overtime due, Plaintiff and other terminated CLASS MEMBERS are entitled to a waiting time wage continuation pursuant to Labor Code §203, which provides that an employee's wages will continue as a waiting time wage continuation up to thirty (30) days from the time the wages were due.

34.     Plaintiff and CLASS MEMBERS seek waiting time wage continuation for the allocable time period prior to filing this complaint, plus costs, interest, disbursements  and attorneys fees pursuant to California law, including but not limited to Labor Code § 218.6.

## FOURTH CAUSE OF ACTION

**Unfair Competition in Violation of Cal. Bus. & Prof. Code §§ 17200, et seq.**

*(By All Plaintiffs And The Putative Class Against Defendants and DOES 1-20)*

35.     Plaintiff and CLASS MEMBERS hereby incorporate by reference and reallege all preceding paragraphs of this complaint as if fully set forth herein.

36.     This is a Private Attorney General Action for Unfair Business Practices. Plaintiffs, individually and on behalf of the general public, bring this claim pursuant to Business & Professions Code section 17200, et seq. which prohibits unlawful and unfair business practices. The conduct of each and all Defendants as alleged in this Complaint has been, and continues to be, unfair, unlawful, and harmful to Plaintiff, CLASS MEMBERS and the general public. Plaintiff and CLASS MEMBERS seek to enforce important rights affecting the public interest within the meaning of California Code of Civil Procedure section 1021.5.

-9-

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

37.     Plaintiff and CLASS MEMBERS are "person(s)" within the meaning of Business & Professions Code section 17204, and therefore they have standing to bring this cause of action for injunctive relief, restitution, disgorgement, and other appropriate equitable relief.

38.     Wage and hour laws express fundamental public policies.  Providing employees with proper wages is a fundamental public policy of this State and of the United States of America. California Labor Code §90.5(a) articulates the public policies of this State to vigorously enforce minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect law abiding employers and their employees from competitors who lower their costs by failing to comply with minimum labor standards.

39.     Through the conduct alleged in this Complaint, Defendants, and each of them, have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of Business & Profession Code section 17200, et seq., depriving Plaintiff, CLASS MEMBERS and all interested persons, of rights, benefits, and privileges guaranteed to all employees under law.

40.     Defendants, by engaging in the conduct herein alleged including their failure to pay the proper wages, either knew or in the exercise of reasonable care should have known that the conduct was unlawful.  Accordingly, Defendants, and each of them, violated section 17200, et. seq., of the Bus. & Prof. Code.

41.     As a proximate result of the unlawful conduct of Defendants and each of them, Plaintiff and CLASS MEMBERS have been damaged in a sum as may be proven.

42.     Pursuant to the Business & Professions Code, this Court should make such orders or judgments, including the appointment of a receiver, as may be necessary to prevent the use or employment, by Defendants, its agents or employees, of any unlawful or deceptive practice prohibited by the Business & Professions Code, and/or, including, but not limited to, restitution and/or disgorgement to Plaintiff and CLASS MEMBERS to the money Defendants unlawfully failed to pay.

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-10-

COMPLAINT FOR DAMAGES

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and CLASS MEMBERS pray for judgment against Defendants jointly and severally as follows:

1.      For compensatory damages including, but not limited to, unpaid wages;

2.      For restitution of all monies due Plaintiff and CLASS MEMBERS, and disgorged profits from the unlawful business practices of Defendants;

3.      For injunctive relief enjoining Defendants' unlawful practices and unfair business practices within the meaning of Business & Professions Code § 17200, et seq.;

4.      For declaratory relief declaring Defendants unlawfully failed: pay the appropriate compensation; failed to provide accurate itemized wages statements; and, a declaration of the amounts of damages, penalties, equitable relief, costs, and attorneys' fees to which Plaintiff and CLASS MEMBERS are entitled;

5.      For all statutory penalties available under the Labor Code;

6.      For interest accrued to date, for interest pursuant to Labor Code § 218.6, and prejudgment and postjudgment interest;

7.      For costs of suit and expenses pursuant to Labor Code §§ 226 and 1194; Code of Civil Procedure § 1021.5;

8.      For reasonable attorney's fees pursuant to Labor Code §§ 226 and 1194; Code of Civil Procedure § 1021.5;

9.      For equitable restitution of all sums by which Defendants were unjustly enriched with a constructive trust placed thereon to enforce said restitution.

10.     Such other and further relief as this Court may deem proper and just.

DATE: February 7, 2013                    LAW OFFICE OF DONALD POTTER


By:_____
                                          Donald Potter
                                          Attorney for Plaintiff Steacy Trinidad Santos
                                          and the putative class

-11-

COMPLAINT FOR DAMAGES

## DEMAND FOR JURY TRIAL

Plaintiff, on behalf of herself and the putative class, hereby demands a jury trial on all matters triable to a jury.

DATE: February 7, 2013

LAW OFFICE OF DONALD POTTER

By: _____

Donald Potter
Attorney for Plaintiff Steacy Trinidad Santos
and the putative class

LAW OFFICE OF DONALD POTTER
776 East Green Street, Suite 210
Pasadena, California 91101

-12-

COMPLAINT FOR DAMAGES

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Donald Potter (SBN 192735)<br>Law Office of Donald Potter<br>776 East Green Street, Suite 210<br>Pasadena, CA 91101<br>TELEPHONE NO.: 626.744.1555   FAX NO.: 626.389.0592<br>ATTORNEY FOR *(Name)*: Plaintiff Steacy Trinidad Santos and the putative class | CONFORMED COPY<br>ORIGINAL FILED<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES<br><br>MAY 21 2013<br><br>John A. Clarke, Executive Officer/Clerk<br>BY Cristina Grijalva, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS: 111 N. Hill Street
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse (Central)

CASE NAME:
Loralee Dirickson v. NBTY, Inc., et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [✓] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>*(Cal. Rules of Court, rule 3.402)* | | BC509590 |
| | | | JUDGE: | |
| | | | DEPT: | |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[✓] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive

4. Number of causes of action *(specify)*: 4

5. This case [✓] is  [ ] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: May 21, 2013

Donald Potter
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

To Plaintiffs and Others Filing First Papers.  If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

To Parties in Rule 3.740 Collections Cases.  A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

To Parties in Complex Cases.  In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract (*not unlawful detainer
      or wrongful eviction*)
  Contract/Warranty Breach–Seller
    Plaintiff (*not fraud or negligence*)
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage (*not provisionally complex*) (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property (*not eminent
    domain, landlord/tenant, or
    foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  (*arising from provisionally complex
  case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment (*non-
    domestic relations*)
  Sister State Judgment
  Administrative Agency Award
    (*not unpaid taxes*)
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified
  above*) (42)
  Declaratory Relief Only
  Injunctive Relief Only (*non-
    harassment*)
  Mechanics Lien
  Other Commercial Complaint
    Case (*non-tort/non-complex*)
  Other Civil Complaint
    (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition (*not specified
  above*) (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependant Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Steacy Trinidad Santos v. TWC Administration LLC, et al. | BC509590 |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

Item I. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 15-20   ☐ HOURS/☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| **Other Personal Injury/Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other<br>Personal Injury<br>Property Damage<br>Wrongful Death<br>(23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Steacy Trinidad Santos v. TWC Administration LLC, et al. | |

| | **A**<br>Civil Case Cover<br>Sheet Category No. | **B**<br>Type of Action<br>(Check only one) | **C**<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☑ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation          Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023   Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Steacy Trinidad Santos v. TWC Administration LLC, et al. | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B.<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br>(02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review<br>(39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental  (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br>(20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br>(42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br>(43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Steacy Trinidad Santos v. TWC Administration LLC, et al. | |

Item III. Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3 on Page 1**, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1. ☑2. ☑3. ☐4. ☐5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS:<br>3650 West Martin Luther King Blvd, Suite 187 |
|---|---|
| CITY:<br>Baldwin Hills | STATE:<br>CA | ZIP CODE:<br>90008 | |

Item IV. *Declaration of Assignment*: I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Stanley Mosk courthouse in the Central District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: May 21, 2013

(SIGNATURE OF ATTORNEY/FILING PARTY)

---

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**
**NOTICE OF CASE ASSIGNMENT – CLASS ACTION CASES** BC 5 0 9 5 9 0

Case Number _____

THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT
Your case is assigned for all purposes to the judicial officer indicated below (Local Rule 3.3(c)).

| ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|
| Judge Elihu M. Berle | 323 | 1707 |
| Judge Lee Smalley Edmon | 322 | 1702 |
| Judge John Shepard Wiley, Jr. | 311 | 1408 |
| Judge Kenneth Freeman | 310 | 1412 |
| Judge Jane Johnson | 308 | 1415 |
| Judge Anthony J. Mohr | 309 | 1409 |
| Judge William F. Highberger | 307 | 1402 |

## Instructions for handling Class Action Civil Cases

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION
The Chapter Three Rules were effective January 1, 1994. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure section 170.6 must be made 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

COMPLAINTS: All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

CROSS-COMPLAINTS: Without leave of court first being obtained, no cross complaint may be filed by any party after their answer is filed. Cross complaints shall be served within 30 days of the filing date and proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts. These matters may be heard and resolved at this conference. At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party or if appropriate on counsel for the party.

This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under the Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is absolutely imperative.

Given to Plaintiff/Cross-Complainant/Attorney of Record on _____.          JOHN A. CLARKE, Executive Officer/Clerk

By _____ , Deputy Clerk

# EXHIBIT C

1    Jeffrey N. Williams (SBN 274008)
2    jwilliams@wargofrench.com
     WARGO & FRENCH LLP
3    1888 Century Park East, Suite 1520
4    Los Angeles, CA  90067
     Telephone: 310-853-6300
5    Facsimile: 310-853-6333

6    WARGO & FRENCH LLP
7    J. Scott Carr (SBN 136706)
     scarr@wargofrench.com
8    999 Peachtree St. NE, 26th Floor
     Atlanta, GA 30309
9    Telephone:   (404) 853-1500
     Facsimile:   (404) 853-1501

10   Attorneys for Defendants

11

12                    **UNITED STATES DISTRICT COURT**
13                    **CENTRAL DISTRICT OF CALIFORNIA**

14   STEACY TRINIDAD SANTOS, an            **CASE NO.** _____
     individual and on behalf of all others
15   similarly situated,                   (Los Angeles County Superior Court
                                           Case No. BC509590)
16                   Plaintiff,
                                           **DECLARATION OF**
17            v.                           **WILLIAM C. WESSELMAN**

18   TWC ADMINISTRATION LLC, a             Class Action Fairness Act
     Delaware limited liability company;
19   TIME WARNER CABLE INC., a             Complaint:  May 21, 2013
     Delaware Corporation; TIME
20   WARNER CABLE SERVICES, LLC, a
     limited liability company and DOES 1
21   through 50, inclusive,

22                   Defendants.

23

24

25

26   I, WILLIAM C. WESSELMAN declare as follows:

27   1.      I am employed as a Manager, Corporate Legal Affairs in New York, New

28   York. I have personal knowledge of the matters set forth herein, including

1  knowledge based upon corporate records and data which are within my custody

2  and control, among others. If called and sworn as a witness, I could and would

3  competently testify thereto.

4  2.     TWC Administration LLC ("TWCA") is currently, and has been since May

5  21, 2013, a Delaware limited liability company with its principal place of business

6  in New York. TWCA's sole member is and at all relevant times hereto has been

7  Time Warner Cable Enterprises LLC is currently, and has been since May 21, 2013, a

8  Delaware limited liability company with a principal place of business in New York.

9  The members of Time Warner Cable Enterprises LLC are Time Warner Cable Inc., a

10  Delaware Corporation with a principal place of business in New York and Time

11  Warner NY Cable LLC, a Delaware limited liability company with a principal place

12  of business in New York.

13  3.     Time Warner Cable Inc. is currently, and has been since May 21, 2013, a

14  Delaware corporation with its principal place of business in New York.

15  4.     Time Warner Cable Services LLC is currently, and has been since May 21,

16  2013, a Delaware limited liability company with its principal place of business in

17  New York. Time Warner Cable Services LLC's sole member is and at all relevant

18  times hereto has been TWCA. As noted above, TWCA's sole member is and at all

19  relevant time hereto has been Time Warner Cable Enterprises LLC, a Delaware

20  limited liability company with a principal place of business in New York.

21  5.     Time Warner NY Cable LLC ("TNY") TNY is currently, and has been since

22  May 21, 2013, a Delaware limited liability company with a principal place of

23  business in New York. TNY's members are and at all times relevant hereto have

24  been as follows: Time Warner NY Cable Holding Inc. (100% Common Equity

25  Member), which is a Delaware corporation with its principal place of business in

26  New York; Citibank, N.A. (Series A Member), which is a national banking

27  association with its principal place of business in New York; Kendall Family

28  Investments, LLC (Series A Member), which is a Delaware limited liability

1   company with a principal place of business in New York whose members are a
2   New York resident and a Delaware corporation with a principal place of business
3   in New York; LB I Group Inc. (Series A Member), which is a Delaware
4   corporation with its principal place of business in New York; and Hare & Co.
5   (Series A Member), which is the nominee name for Bank of New York Mellon
6   Corporation, which is a Delaware corporation with its principal place of business
7   in New York.

8       I declare under penalty of perjury under the laws of the United States of
9   America that the foregoing is true and correct.

10      Executed this 2ND day of July 2013, at New York, New York.

12                          WILLIAM C. WESSELMAN

3                      Case No.  BC509590 (LA County Superior Court)
                       DECLARATION OF WILLIAM C. WESSELMAN

# EXHIBIT D

| NAME, ADDRESS, AND TELEPHONE NUMBER OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER 192735 | Reserved for Clerk's File Stamp |
|---|---|---|
| Donald Potter LAW OFFICE OF DONALD POTTER 776 East Green Street, Suite 210 Pasadena, CA 91101 | | **CONFORMED COPY ORIGINAL FILED** SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES |

ATTORNEY FOR (Name): Plaintiff Steacy Trinidad Santos and putative class

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

**JUN 04 2013**

COURTHOUSE ADDRESS:
600 S. Commonwealth Avenue, Los Angeles, CA 90005

John A. Clarke, Executive Officer/Clerk

PLAINTIFF:
Steacy Trinidad Santos and the putative class

BY Luis Barahenu, Deputy

DEFENDANT:
TWC Administration LLC, et al.

| **AMENDMENT TO COMPLAINT** (Fictitious / Incorrect Name) | CASE NUMBER: BC509690 |
|---|---|

☑ **FICTITIOUS NAME** *(No order required)*

Upon the filing of the complaint, the plaintiff, being ignorant of the true name of the defendant and having designated the defendant in the complaint by the fictitious name of:

FICTITIOUS NAME
DOE 1

and having discovered the true name of the defendant to be:

TRUE NAME
TIME WARNER NY CABLE LLC

amends the complaint by substituting the true name for the fictitious name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| June 3, 2013 | DONALD POTTER | |

☐ **INCORRECT NAME** *(Order required)*

The plaintiff, having designated a defendant in the complaint by the incorrect name of:

INCORRECT NAME

and having discovered the true name of the defendant to be:

TRUE NAME

amends the complaint by substituting the true name for the incorrect name wherever it appears in the complaint.

| DATE | TYPE OR PRINT NAME | SIGNATURE OF ATTORNEY |
|---|---|---|
| | | |

**ORDER**

THE COURT ORDERS the amendment approved and filed.

Dated _____          Judicial Officer _____

LACIV 105 (Rev. 01/07)
LASC Approved 03-04

**AMENDMENT TO COMPLAINT**
(Fictitious / Incorrect Name)

Code Civ. Proc., §§ 471.5,
472, 473, 474

# EXHIBIT E

1  Jeffrey N. Williams (SBN 274008)
   jwilliams@wargofrench.com
2  WARGO & FRENCH LLP
   1888 Century Park East, Suite 1520
3  Los Angeles, CA 90067
   Telephone: 310-853-6300
4  Facsimile: 310-853-6333

5
   J. Scott Carr (SBN 136706)
6  scarr@wargofrench.com
   WARGO & FRENCH LLP
7  999 Peachtree Street, N.E., 26th Floor
   Atlanta, GA 30309
8  Telephone: 404-853-1500
   Facsimile: 404-853-1501

9
   Attorneys for Defendants
10

11                 **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
12

| 13  STEACY TRINIDAD SANTOS, an individual and on behalf of all others similarly situated, | **CASE NO.** _____ |
|---|---|
| 14 | (Los Angeles County Superior Court Case No. BC509590) |
| 15         Plaintiff, | **DECLARATION OF** |
| 16    v. | **J. SCOTT CARR** |
| 17  TWC ADMINISTRATION LLC, a Delaware limited liability company; TIME WARNER CABLE INC., a Delaware Corporation; TIME WARNER CABLE SERVICES, LLC, a limited liability company and DOES 1 to 50, inclusive, | Class Action Fairness Act |
| 18 |  |
| 19 | Complaint: May 21, 2013 |
| 20 |  |
| 21        Defendants. |  |

22
23     I, J. SCOTT CARR declare as follows:
24     1.     I am Of Counsel for Wargo & French LLP and an attorney of record
25  for Defendants in the above-captioned matter. I have personal knowledge of the
26  matters set forth herein. If called and sworn as a witness, I could and would
27  competently testify thereto.
28

2.    Plaintiff Steacy Trinidad Santos's original Class Action Complaint ("Complaint") was filed in this action on May 21, 2013. The Complaint was first served on Defendant TWC Administration LLC ("TWCA") March 6, 2013.

3.    Plaintiff's Complaint alleges that she was employed by Defendants. Plaintiff's Complaint seeks, among other things, recovery for the following: (1) alleged failure to pay daily and weekly overtime at one and one-half times the class members' regular rate of pay inclusive of all hourly wages, commissions and bonuses in violation of California Labor Code §§ 204, 515 and 1194; (2) alleged failure to pay all compensation due and owing at termination of employment in violation of California Labor Code §§ 201-03; (3) alleged failure to provide class members with accurate itemized wage statements in violation of California Labor Code § 226; and (4) alleged violations of the California Business & Professions Code §§ 17200 et seq. Plaintiff seeks to represent, among others: (1) with respect to her regular rate claim, all current and former employees within the State of California within three (3) years prior to the filing of this lawsuit who received commissions and/or bonuses and did not receive one and one-half times his or her regular rate of pay inclusive of all hourly wages, commissions, and bonuses for hours regularly worked in excess of eight hours per work day and/or for those hours regularly worked in excess of forty (40) hours per work week; (2) with respect to the wage statement claim, all current and former employees within the State of California within one (1) year prior to the filing of this lawsuit who did not receive and were injured by Defendants' alleged failure to provide an itemized wage statement; (3) with respect to the waiting time claim, all former employees within the State of California within three (3) years prior to the filing of this lawsuit who did not receive all wages earned at the time of termination of employment; and (4) with respect to the California Business & Professions Code claim, all current and former employees in the State of California within the four (4) years prior to the filing of the lawsuit who fall within one of the categories set

1  forth in subparts (1)-(3) above.  (Compl. ¶¶ 16, 22-23, 28, 33, 39.)    Defendants

2  generally and specifically deny all of Plaintiff's alleged claims of wrongdoing.

3  4.    For purposes of assessing the amount of monetary relief sought by the

4  claims as alleged in Plaintiff's Complaint, I have personally reviewed certain

5  employment data provided by Mr. Frank Smith (*see* Declaration of Frank J.

6  Smith, Jr. filed contemporaneously herewith) pertaining to all persons employed

7  in the State of California during the time period between June 6, 2009 to June 21,

8  2013 in the following job positions: (1) Rep, customer care; (2) Rep 2, Cable

9  Store; (3) Rep 2 Front Counter; and (4) Rep 3, Front Counter.

10  5.    Specifically, for this time period, I have reviewed the following

11  employment data for these employees:

12  •    Employee Name;

13  •    Start Date;

14  •    Termination Date;

15  •    Status (e.g., active "A" or terminated "T");

16  •    Rate of pay.

17  **A.    The Amount in Controversy for Plaintiff's Waiting Time Claim:**

18  6.    Plaintiff has alleged that Defendants willfully and intentionally failed to pay

19  employees in the State of California who received commissions and/or bonuses

20  and terminated from employment during the three years prior to the filing of the

21  instant lawsuit all of the wages they were due at the time they left Defendants'

22  employ ("Waiting Time Claim").  I examined the number of employees who held

23  the same job positions as Plaintiff, *see* Paragraph 4 above (i.e., (1) Rep, customer

24  care; (2) Rep 2, Cable Store; (3) Rep 2 Front Counter; and (4) Rep 3, Front

25  Counter), in California whose employment was terminated between May 22, 2010

26  and June 21, 2013.  Between May 22, 2010 and June 21, 2013, the total number of

27  employees who held the same job positions as Plaintiff in California whose

28  employment was terminated was 815.  This number was calculated by examining

the termination date for each such employee in California identified and counting the number of employees whose employment was terminated during this time period. The date range between May 22, 2010 and June 21, 2013 was used to compile the data based on the three (3) year statute of limitations that applies to Plaintiff's waiting time penalties claim.

7.     Plaintiff alleges that Defendants regularly engaged in various violations of California's wage and hour laws, including but not limited to, failure to pay one and one-half times the employee's regular rate of pay inclusive of all hourly wages, commissions, and bonuses for daily and weekly overtime. (Compl. ¶¶ 23-24.) Based on these allegations, the calculation of the amount in controversy for Plaintiff's waiting time penalties claim is conservatively based on the occurrence of *only one* such violation during the course of the employment of every terminated employee who held a job position formerly held by Plaintiff from May 22, 2010 through May 31, 2013. Under such circumstances, each employee would allegedly be entitled to a thirty (30) day waiting time penalty.

8.     I determined the minimum amount in controversy for Plaintiff's Waiting Time Claim by taking the rate of pay for each employee at the time of termination and multiplying that rate by eight hours to establish a daily wage rate for each employee. This figure was then multiplied by 30 days. This calculation amounts to $2,529,245.01.

**D.     The Amount in Controversy for Plaintiff's Inaccurate Wage Statement Claim:**

9.     Plaintiff alleges that Defendants provided inaccurate wage statements ("Inaccurate Wage Statement Claim"). (Compl. ¶¶ 26-30.) Between May 22, 2012 and June 21, 2013, Defendants employed 1271 individuals in the same job positions held by Plaintiff in the State of California. Thses figures were derived by counting the number of individuals employed by Defendant in the State of California in the following job positions between May 22, 2012 and June 21,

1    2013: (1) Rep, customer care; (2) Rep 2, Cable Store; (3) Rep 2 Front Counter;

2    and (4) Rep 3, Front Counter.  The date range between May 22, 2012 and June 21,

3    2013 was used based on Plaintiff's Complaint and my understanding that a one

4    (1) year statute of limitations applies to Plaintiff's Inaccurate Wage Statement

5    Claim.

6    10.    Between May 22, 2012 and June 21, 2013, the total number of pay periods

7    worked by individuals who held the same job positions as Plaintiff in the State of

8    California was 27,776.   As there were 1,271 such employees in the State of

9    California during that time period, the number of "initial" paychecks issued to

10   these employees during this period equals 1,271.  The number of paychecks

11   issued to these employees after the "initial" paychecks equals 26,505.  These

12   figures were derived by counting the actual number of pay periods for each such

13   employee in the State of California between June 6, 2012 and June 21, 2013.

14   11.    Plaintiff has alleged that Defendants engaged in various violations of

15   California's wage and hour laws including Defendants' failure to include all

16   hourly wages, commissions and bonuses in the overtime rate for Plaintiffs and

17   putative class members for time regularly worked in excess of eight (8) hours per

18   day and forty (40) hours per week; failure to provide Plaintiff and putative class

19   members with itemized wage statements which, among other things, accurately

20   recorded their hourly rate of pay, total wages earned, and "legal entity that was

21   the employer;" and failure to timely pay Plaintiffs and putative class members all

22   wages due and owing upon termination of their employment . (Compl., ¶¶ 24, 28-

23   29, 33, 40-42.)  Based on these allegations and Plaintiff's allegations concerning

24   alleged nonpayment of overtime, the calculation of the amount in controversy for

25   Plaintiff's Inaccurate Wage Statement Claim is based on the occurrence of at least

26   one such violation during each two-week pay period worked.  Under such

27   circumstances, the paychecks provided to the employees identified above in the

28   State of California during the relevant time period would contain at least one

1  claimed "inaccuracy" that would allegedly subject Defendants to a $50.00 penalty
2  for each initial wage statement and a $100.00 penalty for each subsequent wage
3  statement.

4  12.    Based on these figures, the total amount in controversy for Plaintiff's
5  inaccurate wage statement claim may be calculated by multiplying the number of
6  "initial" paychecks (1,271) by $50.00 and the number of subsequent paychecks
7  (26,505) by $100.00, but imposing a maximum of $4,000 in penalties for each
8  employee.  In this instance, there was no employee who reached this maximum.
9  Using this methodology, the total amount in controversy for Plaintiff's inaccurate
10  wage statement claim is at least $2,714,050.

11  **V.     The Total Minimum Amount in Controversy for Plaintiff's Claims:**

12  13.    Combining the total minimum amounts in controversy as set forth above for
13  Plaintiff's waiting time and inaccurate wage statement claims (excluding
14  attorneys' fees) yields a total minimum amount in controversy of $5,243,295.01.

15        I declare under penalty of perjury under the laws of the United States of
16  America that the foregoing is true and correct.

17        Executed this 21 day of July 2013, at Atlanta, Georgia.

19        J. Scott Carr

# EXHIBIT F

1   Jeffrey N. Williams (SBN 274008)
    jwilliams@wargofrench.com
2   WARGO & FRENCH LLP
    1888 Century Park East, Suite 1520
3   Los Angeles, CA 90067
    Telephone: 310-853-6300
4   Facsimile: 310-853-6333

5   WARGO & FRENCH LLP
6   J. Scott Carr (SBN 136706)
    scarr@wargofrench.com
7   999 Peachtree St. NE, 26th Floor
    Atlanta, GA 30309
8   Telephone:  (404) 853-1500
    Facsimile:  (404) 853-1501

9   Attorneys for Defendants

10

11

12              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
13

| | |
|---|---|
| STEACY TRINIDAD SANTOS, an individual and on behalf of all others similarly situated,<br><br>                    Plaintiff,<br><br>            v.<br><br>TWC ADMINISTRATION LLC, a Delaware limited liability company; TIME WARNER CABLE, INC.; a Delaware Corporation; TIME WARNER CABLE SERVICES, LLC, a limited liability company and DOES 1 through 50, inclusive,<br><br>                    Defendants. | CASE NO. _____<br><br>(Los Angeles County Superior Court Case No. BC509590)<br><br>**DECLARATION OF FRANK J. SMITH, JR.**<br><br>Class Action Fairness Act<br><br>Complaint: May 21, 2013 |

25  I, FRANK J. SMITH, JR. declare as follows:

26  **I.      Employment Background and Duties:**

27  1.      I am employed as Senior Manager, Employee Services in El Segundo,

28  California.  In my capacity as a Senior Manager, Employee Services, I am the

                                                        Case No. _____
                                    DECLARATION OF FRANK J. SMITH, JR.

1  custodian of records pertaining to human resources matters for TWC

2  Administration LLC ("TWCA") and Time Warner NY Cable LLC ("TNY").  I

3  have personal knowledge of the matters set forth herein, including knowledge

4  based upon corporate records and data which are within my custody and control,

5  among others.  If called and sworn as a witness, I could and would competently

6  testify thereto.

7  **II.    Information Systems Used to Maintain Employee Data:**

8  2.    TWCA and TNY maintain certain information regarding its employees and

9  their employment through the use of software provided by PeopleSoft®.  As part

10  of my duties as a Senior Manager, I regularly utilize the PeopleSoft® software and

11  regularly access the employment data maintained by TWCA and TNY using this

12  software.  As a result, I am intimately familiar with the PeopleSoft® software and

13  the employment data stored and maintained by using this software.

14  3.    As part of my duties as a Senior Manager, I regularly create, run and

15  prepare reports using the PeopleSoft® software regarding information pertaining

16  to employees and the terms and status of their employment.

17  4.    Through the use of the PeopleSoft® software, TWCA's and TNY's regular

18  practice is to maintain, among other information, the following data for each of its

19  employees:

20  •      Employee ID Number;

21  •      Employee Name;

22  •      Start Date;

23  •      Termination Date;

24  •      Job Title;

25  •      Rate of Pay;

26  •      Status (e.g., active "A" or terminated "T"); and

27  •      Location of employment.

28

1   This information is stored, maintained and updated by TWCA and TNY in their
2   regular course of business. This information is stored, maintained and updated on
3   a timely and continuous basis by persons with knowledge of such information,
4   including myself. The employees who are responsible for inputting information
5   into the PeopleSoft system input such information pursuant to their regular
6   business duties in the ordinary course of business.
7   5.     At or near the time that a person becomes employed, it is their regular
8   practice to enter information relating to the person's employment into the
9   PeopleSoft® system, including, without limitation, the employee's name, start
10  date, rate of pay, job description, job title and location of employment. This
11  information is entered into the PeopleSoft® system in the regular course of
12  business by persons with knowledge of such information, including myself.
13  6.     At or near the time of any change in the terms or status of a person's
14  employment (e.g., termination of employment, change in location of employment,
15  or change in the rate of pay), it is the regular practice to update the information
16  stored in the PeopleSoft® system to reflect any such changes. This information is
17  updated in the PeopleSoft® system in the regular course of business by persons
18  with knowledge of such information, including myself.
19  **III.    Plaintiff's Allegations:**
20  7.     I am informed and believe Plaintiff Steacy Trinidad Santos filed a
21  Complaint against TWC Administration LLC and Time Warner NY Cable LLC
22  ("Defendants") alleging that Defendants employed her.
23  8.     Plaintiff held the following job positions during her employment: (1) Rep,
24  customer care; (2) Rep 2, Cable Store; (3) Rep 2 Front Counter; and (4) Rep 3,
25  Front Counter.
26  9.     In her Complaint, Plaintiff seeks, among other things, recovery for the
27  following: (1) alleged failure to pay daily and weekly overtime at one and one-half
28  times the class members' regular rate of pay inclusive of all hourly wages,

1   commissions and bonuses in violation of California Labor Code §§ 204, 515 and

2   1194; (2) alleged failure to pay all compensation due and owing at termination of

3   employment in violation of California Labor Code §§ 201-03; (3) alleged failure

4   to provide class members with accurate itemized wage statement in violation of

5   California Labor Code § 226; and (4) alleged violations of the California Business

6   & Professions Code §§ 17200 et seq. I am informed and believe that Plaintiff

7   seeks to represent, among others: (1) with respect to her regular rate claim, all

8   current and former employees within the State of California within three (3) years

9   prior to the filing of this lawsuit who received commissions and/or bonuses and

10  did not receive one and one-half times his or her regular rate of pay inclusive of

11  all hourly wages, commissions, and bonuses for hours regularly worked in excess

12  of eight hours per work day and/or for those hours regularly worked in excess of

13  forty (40) hours per work week; (2) with respect to the wage statement claim, all

14  current and former employees within the State of California within one (1) year

15  prior to the filing of this lawsuit who did not receive and were injured by

16  Defendants' alleged failure to provide an itemized wage statement; (3) with

17  respect to the waiting time claim, all former employees within the State of

18  California within three (3) years prior to the filing of this lawsuit who did not

19  receive all wages earned at the time of termination of employment; and (4) with

20  respect to the California Business & Professions Code claim, all current and

21  former employees in the State of California within the four (4) years prior to the

22  filing of the lawsuit who fall within one of the categories set forth in subparts (1)-

23  (3) above. (Compl. ¶¶ 16, 22-23, 28, 33, 39.) I am informed and believe that

24  Defendants generally and specifically deny all of Plaintiff's alleged claims of

25  wrongdoing.

26  10.    I compiled the data referenced in Paragraph 5 above for all employees in the

27  following job positions in the State of California from June 6, 2009 to June 21,

28  2013 and provided same to Defendants' counsel J. Scott Carr: (1) Rep, customer

1   care; (2) Rep 2, Cable Store; (3) Rep 2 Front Counter; and (4) Rep 3, Front
2   Counter.
3       Executed this 2nd day of July 2013, at El Segundo, California.
4
5       FRANK J. SMITH, JR.
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Margaret M. Morrow and the assigned discovery Magistrate Judge is Carla Woehrle.

The case number on all documents filed with the Court should read as follows:

## CV13- 4799 MMM (CWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=========================================================

#### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

COPY

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )

STEACY TRINIDAD SANTOS, an individual and on behalf of all others similarly-situated,

**DEFENDANTS** ( Check box if you are representing yourself ☐ )

TWC ADMINISTRATION LLC, a Delaware limited liability company; TIME WARNER CABLE, INC., a Delaware Corporation; TIME WARNER CABLE SERVICES, LLC; a limited liability company and DOES 1 to 50, inclusive,

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Donald Potter (SBN 192735)
Law Office of Donald Potter
776 East Green Street, Suite 210, Pasadena, CA 91101
(626-744-1555)

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Jeffrey Williams (SBN 274008) and J. Scott Carr (SBN 136706)
Wargo & French LLP
1888 Century Park East, Suite 1520, Los Angeles, CA 90067
(310-853-6300)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff
☒ 3. Federal Question (U.S. Government Not a Party)
☐ 2. U.S. Government Defendant
☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding
☒ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No ☒ MONEY DEMANDED IN COMPLAINT: $ unspecified

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Class Action Fairness Act, 28 U.S.C. 1332(d) - Named plaintiff seeks class relief against defendants for alleged violations of state and federal wage and hour laws

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** ☐ 463 Alien Detainee | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 510 Motions to Vacate Sentence | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | **TORTS** | ☐ 530 General | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | | ☐ 446 American with Disabilities-Other | ☒ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

**FOR OFFICE USE ONLY:** Case Number: **CV13-04799**

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

CV-71 (02/13) CIVIL COVER SHEET Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York; Delaware |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

*****Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _____   DATE: July 2, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |